## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILFREDO RIVERA RODRIGUEZ, | ) | 3:17-CV-00868 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Commissioner of Social Security, | ) | OCTOBER 29, 2020 |
| *Defendant.* | | |

## MEMORANDUM OF DECISION
## RE: MOTION FOR ATTORNEYS FEES (ECF NO. 30)

Kari A. Dooley, United States District Judge:

Pending before the Court is the application by Attorney Iván A. Ramos for attorney's fees pursuant to 42 U.S.C. § 406(b). Previously, Attorney Ramos, working on behalf of the Plaintiff Wilfredo Rivera-Rodriguez, successfully litigated an appeal of a denial of Social Security benefits before this Court. He now requests a fee of $22,310.00, which represents 25% of the past-due benefits awarded the Plaintiff upon remand. For the reasons that follow, the motion is GRANTED.

**Background**

On March 28, 2017, the Social Security Administration's Appeals Council denied the Plaintiff's appeal on a claim for Social Security disability benefits. (ECF No. 30-1, 2.) Shortly thereafter, the Plaintiff retained Attorney Ramos to bring an appeal of the Commissioner's denial to this Court and entered into a contingency fee agreement with Attorney Ramos. (*Id.*) The agreement provides that if Attorney Ramos is successful on appeal, he will "charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded." (ECF No. 30-2, 2.) The agreement acknowledges that Attorney Ramos may be paid by the

---

[1] Andrew Saul has succeeded Nancy Berryhill as Commissioner of Social Security. He was sworn in on June 17, 2019.

government under the Equal Access to Justice Act (EAJA), but the agreement also provides that if Attorney Ramos receives payment under the EAJA and makes a motion for fees under the agreement, he is required to refund the smaller amount to the Plaintiff.  (ECF No. 30-2, 2–3.)

Attorney Ramos then filed an appeal from the Appeals Council's denial in this Court on May 24, 2017.  (ECF No. 1.)  He later filed a motion to reverse the Social Security Administration's decision.  (ECF No. 19.)  After the Commissioner filed two motions to extend the time to respond, the Commissioner filed a consent motion seeking a remand of the Plaintiff's case back to the Social Security Administration and its administrative law judge.  (ECF No. 24.)  The Court subsequently entered a judgment reversing the decision of the Commissioner and remanding the case to the Social Security Administration for further proceedings.  (ECF No. 27.)

On April 18, 2018, the Commissioner stipulated to an award of attorney's fees under the EAJA for Attorney Ramos in the amount of $5,500, which the Court approved and ordered.[2]  (ECF Nos. 28, 29.)  After further review of the Plaintiff's application for benefits, on November 26, 2019, an administrative law judge made a fully favorable determination in the Plaintiff's case.  (ECF No. 30-3, 1.)  The Plaintiff's Notice of Award, however, did not arrive until September 13, 2020.  (ECF No. 30-4, 1.)  The Notice of Award states that the Agency withheld $22,310.00 from the Plaintiff's past-due benefits in the event that the Agency needed to send that money to Attorney Ramos.  (ECF No. 30-4, 2.)  The $22,310.00 is 25% of the Plaintiff's past-due benefits.  (*Id.*)

Thereafter, on September 23, 2020, Attorney Ramos filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  (ECF No. 30.)  Attorney Ramos requests that he be awarded the full 25% of the Plaintiff's past-due benefits, as provided in the contingency fee agreement.

---

[2] Attorneys who successfully appeal a denial of Social Security benefits may be paid pursuant to the EAJA as well as 42 U.S.C. § 406(b), but such attorneys must refund the smaller amount to the successful claimant.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *accord* Act of August 5, 1985, Pub L. 99-80, § 3, 99 Stat. 186.  Attorney Ramos acknowledges that he will be required to return these funds to the Plaintiff if his motion is granted.

(ECF No. 30-1.)  In his submissions in support of the motion, Attorney Ramos states that he spent 33.8 hours litigating before the federal court and that his paralegal spent an additional 4.3 hours working in support of those efforts.  (ECF No. 34.)  In combination, this award would reflect an average hourly rate of $585.56.[3]

The Commissioner, in his court-ordered and limited role as a trustee for the claimant, filed a response to Attorney Ramos's motion on October 26, 2020, in which he voices neither objection nor concern regarding the requested award.  (ECF No. 35.)

**Discussion**

42 U.S.C. Section 406(b) proivdes that the attorney of a successful claimant in a Social Security appeal may recieve up to 25% of the claimant's past-due benefits in fees, payable from the claimant's past-due benefits.  Section 406(b) also allows attorneys to be paid via contingency fee agreements as long as the total fees do not exceed the 25% cap imposed by the statue.  *Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990).  But before a court can award payment flowing from a contingency fee agreement, the court must conduct an independent check to assure that the agreement yields reasonable results.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Lodestar calculations should not displace contingency fee agreements, but in determining whether a contingency fee is reasonable, the court may require an attorney to submit a record of the hours spent litigating the case as well as the attorney's hourly billing charge for non-contingent fee cases.  *Id.* at 808.  In conducting its reasonableness analysis, a court must also keep in mind that a

---

[3] Both Attorney Ramos and the Commissioner make different calculations to determine the *de facto* billing rate for Attorney Ramos's work in this case. (ECF Nos. 34, 35.)  The Court makes this calculation by dividing the award sought by the total hours worked by both Attorney Ramos and his paralegal staff.  *See Gisbrecht*, 535 U.S. at 792 (articulating the lodestar method of calculating attorney's fees as "hours reasonably spent on the case times reasonable hourly rate"); *see also Vasquez v. Saul*, No. 3:17-cv-00183, 2020 WL 4812849, at *1 (D. Conn. Aug. 18, 2020) (including a reasonable number of paralegal hours in the calculation).

contingency fee agreement is a freely negotiated contract and that such contracts encourage attorneys to take disability cases. *Wells*, 907 F.2d at 370.

As noted above, the Plaintiff and Attorney Ramos entered into a contingency fee agreement that provided for a fee of 25% of any past-due benefits awarded. (ECF No. 30-2.) The agreement is therefore in accord with § 406(b)'s ceiling, and Attorney Ramos can therefore be paid under the agreement if his motion was timely[4] and the fees are reasonable.

District courts utilize a three-factor test when determining whether attorney's fees are reasonable under *Gisbrecht*. *See, e.g.*, *Vasquez v. Saul*, No. 3:17-cv-00183, 2020 WL 4812849, at *2 (D. Conn. Aug. 18, 2020). The Court considers (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of time that counsel spent on the case, the so-called windfall factor. *Id.* (citations and quotations omitted). The windfall factor is itself subject to a three-factor test, which considers (1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether attorney expended effort on the proceedings, as demonstrated by evidence such as pleadings that were not boilerplate and arguments that involved real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in prosecuting social security cases. *Id.* (citations and quotations omitted). The Court undertakes this analysis mindful that it "ought to give the same deference to these

---

[4] In the Second Circuit, Fed. R. Civ. P. 54(d)(2)(B)'s fourteen-day filing period applies to fee applications, but this deadline is subject to equitable tolling. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). "Where . . . a Social Security claimant secures a judgment reversing a denial of benefits and remanding for further proceedings, the fourteen-day filing period is tolled until the claimant receives notice of the amount of any benefits award" because this information is essential to calculating the maximum attorney's fee available under § 406(b). *Id.* Here, the Notice of Award issued on September 13, 2020, and Attorney Ramos filed his application for a fee on September 23, 2020, rendering the motion timely. (ECF Nos. 30, 30-4.)

[contingency fee] agreements as [it] would to any contract embodying the intent of the parties" and should therefore only reduce the amount called for by the parties' agreement when it finds that amount unreasonable. *Wells*, 907 F.2d at 371.

Here, the Court finds that the $22,310.00 requested fee is reasonable. Attorney Ramos successfully litigated this case for his client, and the *de facto* hourly rate of $585.56 is not out of line for similar work in non-contingency cases. Whatever premium is reflected in this rate is attributable to the risk inherent in taking these cases on a contingency fee basis. *See Wells*, 907 F.2d at 370–71. Nor does the record reflect that Attorney Ramos unreasonably delayed the proceedings to increase the accumulation of past-due benefits and thereby his fees.

The fees requested, moreover, do not represent a windfall for Attorney Ramos. The record shows that the Plaintiff's case was remanded on consent, but a remand on consent does not preclude an attorney from recovering fees to the full extent allowed under a contingency fee agreement. *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) (awarding attorney's fees for work done before the federal court even though the case was remanded on consent). The Plaintiff's motion to reverse, ECF No. 19, was substantial, and the arguments advanced therein involved analysis of material facts and the law applicable to those facts. Further, a review of the submitted invoices reveals that Attorney Ramos spent the majority of his time preparing the motion to reverse. He limited the amount of time that he spent on less substantial work and delegated administrative tasks to his paralegal. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-cv-00926, 2019 WL 1375084, at *3 (W.D.N.Y. Mar. 27, 2019) (noting that in cases where courts reduced fees pursuant to § 406(b), "the attorneys performed only a modest amount of work because they secured stipulations for remand instead of submitting briefs on the merits of the case, or because they expended an unreasonable number of hours that courts declined to compensate").

Finally, the Court observes that these fees are comparable to fee awards in similar cases. *See Vasquez*, 2020 WL 4812849, at *2 (finding a *de facto* hourly rate of $791.44 reasonable and discussing rates awarded in similar cases).

**Conclusion**

For the forgoing reasons, ECF No. 30, Motion for Attorney's Fees, is GRANTED. Attorney Ramos is awarded $22,310.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). Attorney Ramos is ordered, however, to return to the Plaintiff the $5,500.00 awarded as attorney's fees pursuant to the EAJA.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of October, 2020.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE